**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4739**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAUREN GREENE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis III, Senior District Judge.  (1:18-cr-00318-TSE-1)

Submitted:  June 26, 2019                                    Decided:  July 5, 2019

Before WILKINSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rebecca S. Colaw, REBECCA S. COLAW, PC, Suffolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Stephanie Meyer, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lauren Greene appeals her conviction and sentence for misdemeanor trespassing, in violation of 32 C.F.R. § 1903.7(a) (2012). Greene argues that her conviction before a magistrate judge, which the district court affirmed, violated her due process rights substantively, because she was incompetent to stand trial, and procedurally, because the court did not order a competency hearing sua sponte. She also asserts that her two trial attorneys were constitutionally ineffective. We affirm.

Because Greene raises her due process claims for the first time on appeal, we review only for plain error: Greene "must show that the district court erred, that the error was plain, and . . . that the alleged error actually affected the outcome of the district court proceedings." *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013) (citation and internal quotation marks omitted). Regarding the substantive due process claims, "[n]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000) (internal quotation marks omitted). And we give "wide latitude" to trial courts' competency determinations, since they rely on "first-hand interactions with, and observations of, the defendant and the attorneys at bar." *Bernard*, 708 F.3d at 593. We have reviewed the parties' briefs and the joint appendix, and we find no reversible error in the district court's competency determination. *See United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005) (providing standard of review).

2

On her procedural due process claims, Greene "must establish that the trial court ignored facts raising a bona fide doubt regarding [her] competency to stand trial." *United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010). Greene may disagree with the district court's decision not to order a competency hearing, but she has not established that the district court ignored the facts that she believes supported such a hearing. Because the district court specifically addressed its concerns regarding Greene's competency, we conclude that it did not err in declining to order a competency hearing sua sponte. *See United States v. General*, 278 F.3d 389, 397 (4th Cir. 2002) (providing standard); *see also* 18 U.S.C. § 4241(a) (2012).

Finally, Greene asserts that her attorneys were ineffective because they failed to raise her mental health claims at trial. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Greene fails to meet this high standard, so we decline to review this claim on direct appeal.

Accordingly, we affirm Greene's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*